F I L E D
United States Court of Appeals
Tenth Circuit

June 13, 2006

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RANDY L. MCGRAW,

Plaintiff-Appellant,

v.

No. 05-5079

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 02-CV-00055-K(J))

---

Submitted on the briefs:

Timothy M. White, Richmond Brownson, Tulsa, Oklahoma, for Appellant.

David E. O'Meilia, United States Attorney, Tina M. Waddell, Regional Chief
Counsel, Amy J. Mitchell, Special Assistant United States Attorney, Office of the
General Counsel, Region VI, Social Security Administration, Dallas, Texas, for
Appellee.

---

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

This appeal presents a question of first impression in this court: whether the Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits. We conclude that § 406(b)(1) does permit an award of counsel fees under these circumstances, and therefore we REVERSE the district court's denial of fees, *see McGraw v. Barnhart*, 370 F. Supp. 2d 1141 (N.D. Okla. 2005), and REMAND for further proceedings.[*]

## I. Background and District Court Proceedings

In April 1998, Randy L. McGraw applied for Title II Social Security disability benefits. He and his counsel entered into a contingent-fee agreement in which he agreed to pay counsel twenty-five percent (25%) of any past-due benefits recovered.

Mr. McGraw's application for benefits was denied at the agency level by both the administrative law judge (ALJ) and the Appeals Council, and he filed a complaint in the district court. Upon the Commissioner's motion, on May 28, 2002, the magistrate judge, presiding by consent of the parties under 28 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

§ 636(c), remanded the case to the Commissioner for further proceedings under sentence six of 42 U.S.C. § 405(g).[1] The court also administratively closed the case and ordered the Commissioner to file a status report within 120 days. On August 29, the Commissioner duly filed a status report, which informed the court that the agency had determined that the tape of Mr. McGraw's original benefits hearing was defective and a complete record of the administrative proceedings could not be prepared. Thus, the Appeals Council had vacated the Commissioner's final decision and remanded the case to the ALJ for further proceedings consistent with the district court's order of remand.

In light of the status report, the district court remanded the case for a de novo hearing under sentence four of 42 U.S.C. § 405(g), and it entered judgment in favor of Mr. McGraw. After the district court's judgment became final and non-appealable, Mr. McGraw filed a motion for an award of attorney's

---

[1] "[T]he exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). "Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision . . . ." *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991). A sentence-four remand requires the district court to enter a final judgment at the time of remand, while with a sentence-six remand, a final judgment is not entered until the remand proceedings are completed and the matter returns to the court. *See Schaefer*, 509 U.S. at 297; *Melkonyan*, 501 U.S. at 102. A sentence-four remand "terminates the litigation with victory for the plaintiff," while a sentence-six remand does not. *Schaefer*, 509 U.S. at 301.

fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). On December 12, 2002, the court awarded an EAJA fee of $445.40.

On February 19, 2004, counsel filed a motion for a fee award under § 206(b)(1) of the SSA, 42 U.S.C. § 406(b)(1). Referring to the agency's Notice of Award dated December 16, 2002, he advised the court that Mr. McGraw had received a fully favorable ALJ decision on remand, and that the Commissioner had determined that Mr. McGraw was entitled to past-due benefits in the amount of $46,505.00. Counsel calculated that twenty-five percent of the past-due benefits totaled $11,626.25. Deducting from that amount the SSA fee that the Commissioner had awarded for work before the agency ($5,300) and the EAJA fee the court had awarded ($445.40), as well as an additional amount to avoid a windfall to counsel, he requested an additional SSA fee award of $1,847.80 for his work before the court.[2]

The district court denied the SSA fee request, holding that § 406(b)(1) did not allow a fee award when "the Commissioner, not the Court, determined that the Plaintiff was entitled to past-due benefits, and the Commissioner's action, not the

---

[2] This circuit has long recognized that counsel who receives fee awards under both EAJA and the SSA must pay the smaller amount to the client. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Mr. McGraw's counsel recognized this obligation and sought to fulfill it by deducting the amount of his EAJA fee from his SSA fee request, so that the Commissioner would simply make a larger refund to Mr. McGraw. The district court disapproved of this practice in this case. Similarly, we believe that it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner.

Court's judgment, awarded the benefits." *McGraw*, 370 F. Supp. 2d at 1143. Mr. McGraw (or, more precisely, his counsel) appealed directly to this court in accordance with 28 U.S.C. § 636(c)(3) and the terms of the parties' consent to proceed before the magistrate judge.

## II. Analysis

The issue presented is a question of statutory interpretation and therefore a question of law. As such, it is reviewed de novo. *See Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).

## A. Fees in Social Security Cases

Attorneys handling Social Security proceedings in court may seek fees for their work under both the EAJA and the SSA. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See id.*; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala*, 30 F.3d 1307, 1309

(10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1). If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

In addition to providing for fees for work before the court, the SSA also provides for fees for work done at the administrative level. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 794. Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court. *See* 20 C.F.R. §§ 404.1720, 404.1728; *Harris v. Sec'y of Health & Human Servs.*, 836 F.2d 496, 497 (10th Cir. 1987), *abrogated on other grounds by Frazier*, 240 F.3d at 1286. The agency's and the court's determinations on SSA fees bind counsel: "[t]he prescriptions set out in

§§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 795-96; *see also* 42 U.S.C. § 406(b)(2).

With regard to work before the courts, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. One of the primary benefits of § 406 and its accompanying regulation, from counsel's perspective, is that they authorize the Commissioner to deduct the approved fees from the claimant's past-due benefits and pay them directly to counsel. 42 U.S.C. § 406(b)(1)(A); 20 C.F.R. § 404.1730.

### B. Statutory Analysis

#### 1. Text

"Our primary task in construing statutes is to 'determine congressional intent, using traditional tools of statutory interpretation.'" *N.M. Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv.*, 248 F.3d 1277, 1281 (10th Cir. 2001) (quoting *NLRB v. United Food & Commercial Workers Union*, 484 U.S. 112, 123 (1987)) (further quotation omitted). "When interpreting the language of a statute,

the starting point is always the language of the statute itself.  If the language is clear and unambiguous, the plain meaning of the statute controls.  A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002) (quotation omitted).

In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The district court read this statute in the narrowest sense.  It particularly focused on the phrases "by reason of" the court's judgment, *McGraw*, 370 F. Supp. 2d at 1143, and "allow as part of its judgment," *id.* at 1144.

When discussing "by reason of" the court's judgment, the district court stated, "[a] judgment which merely remands the action for further proceedings by the Social Security Administration does not equate to a claimant being entitled to past due benefits 'by reason of' the Court's judgment. . . . [The] award of benefits is too attenuated from the original order of the Court to be considered an award of benefits by reason of this Court's judgment." *Id.*  The court also noted that

"Plaintiff was not, at the time that the judgment was entered, entitled to Social Security benefits, and the judgment contains no statement with respect to attorneys fees. . . . The Court cannot include, as part of its judgment and order of remand, a finding of a reasonable attorneys fee when the judgment merely remands the action for additional proceedings . . . ." *Id.*

As the parties argue on appeal, however, in a broader sense, it easily can be said that an award of benefits made after a court-ordered remand is an award made "by reason of" the court's judgment; after all, if it were not for the order of remand continuing the proceedings, there would be no benefits award. Essentially, "[w]ithout the assistance of counsel in resorting to the court below claimant would have been deprived of the benefits which had been denied repeatedly by the [Commissioner]." *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967).

Further, we note that the Supreme Court has read § 406(b)(1) broadly. In *Hopkins v. Cohen*, 390 U.S. 530, 535 (1968), it held that attorney fees were properly calculated based on past-due benefits received by the claimant's entire family, rather than claimant alone. Rejecting a strict construction of the phrase "the past-due benefits to which the claimant is entitled," it stated, "[t]hat seems to us to be too technical a construction of the Act which we need not adopt." *Id.* at 533-34; *see also Smith v. Bowen*, 815 F.2d 1152, 1155 (7th Cir. 1987) (per curiam) ("Reading the statute as a whole, we do not believe Congress meant

that the only time at which fees could be awarded is the time of judgment. By authorizing the attorney to be paid directly out of the claimant's past-due benefits, Congress intended to make it easier, not harder for attorneys to collect their fees. A more appropriate reading of § 406(b)(1) is that a judgment favorable to the claimant is merely a prerequisite to a fee award under the statute.").

Because § 406(b)(1) reasonably can be read either narrowly or broadly, we find it appropriate to employ other tools of statutory interpretation in deciding the question before us.

## 2. Legislative History and Purpose

"If [a statutory] ambiguity is found, a court may seek guidance from Congress's intent, a task aided by reviewing the legislative history. A court can also resolve ambiguities by looking at the purpose behind the statute." *Quarrell*, 310 F.3d at 669 (quotation omitted).

The legislative history of § 406(b) is brief.[3] It tends to indicate that Congress had two concerns in enacting § 406(b)(1): first, that attorneys' shares of ultimate recoveries were becoming excessive, and second, that attorneys be able to collect their reasonable fees. *Smith*, 815 F.2d at 1155; *Dawson v. Finch*, 425 F.2d 1192, 1194-95 (5th Cir. 1970); *see also Pappas v. Bowen*, 863 F.2d 227,

---

[3]     The legislative history states, in its entirety:

> It has come to the attention of the committee that attorneys have upon occasion charged what appear to be inordinately large fees for representing claimants in Federal district court actions arising under the social security program. Usually, these large fees result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of the accrued benefits. Since litigation necessarily involves a considerable lapse of time, in many cases large amounts of accrued benefits, and consequently large legal fees, are payable if the claimant wins his case.

> The committee bill would provide that whenever a court renders a judgment favorable to a claimant, it would have express authority to allow as part of its judgment a reasonable fee, not in excess of 25 percent of accrued benefits, for services rendered in connection with the claim; no other fee would be payable. Any violation would be made subject to the same penalties as are provided in the law for charging more than the maximum fee prescribed in regulations for services rendered in connection with proceedings before the Secretary–up to $500, or a year's imprisonment, or both. In order to assure the payment of the fee allowed by the court, the Secretary would be permitted to certify the amount of the fee to the attorney out of the amount of the accrued benefits.

1965 U.S.C.C.A.N. 1943, 2062.

230-31 (2d Cir. 1988) (characterizing the second reason as to "encourage legal representation of Social Security claimants").

Neither of these purposes directly addresses the question before us. It is apparent, though, that Congress desired to encourage attorneys to represent Social Security claimants. This concern tends to indicate that the broader reading of § 406(b)(1) is the more appropriate reading. *See Bergen v. Comm'r of Soc. Sec.*, __ F.3d __, 2006 WL 851664, at *2 (11th Cir. Apr. 4, 2006); *see also Hopkins*, 390 U.S. at 535 (concluding that legislative history did not preclude broad reading of § 406(b)(1) that increased amount of benefits to be considered in awarding fees); *Smith*, 815 F.2d at 1155 (concluding that legislative history supported broad reading of § 406(b)(1) that allowed attorneys to delay fee petition until after agency action).

## C. Agency Policy

On appeal, the Commissioner notes that when § 406(b) was enacted, the agency took the position that fee awards were not available in court cases that resulted in remands for further proceedings. Finding that circuit courts were not particularly amenable to that viewpoint, *see Conner*, 381 F.2d at 499-500, the agency eventually abandoned that position. According to the Commissioner, "the Agency currently does not oppose an award of reasonable attorney's fees under § 406(b) where, as here, the court remands a case, and the Commissioner awards

-12-

past-due benefits. For more than twenty years, the Agency has not opposed § 406(b) fees under these circumstances." Aplee. Br. at 12 (footnote omitted).

The first question is what deference is due to the agency's position. "Normally, when the agency decision at issue involves interpretations of federal statutes, we owe deference to that decision as set forth in *Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 . . . (1984)." *N.M. Cattle Growers Ass'n*, 248 F.3d at 1281. But where "the statutory interpretation . . . has never undergone the formal rulemaking process, it remains an informal interpretation not entitled to deference." *Id.* The Supreme Court has held that "[i]nterpretations such as those in opinion letters–like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law–do not warrant *Chevron*-style deference." *Christensen v. Harris County*, 529 U.S. 576, 587 (2000). Instead, such informal interpretations "are entitled to respect under our decision in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 . . . (1944), but only to the extent that those interpretations have the power to persuade." *Id.* (quotations omitted). "*Chevron* did nothing to eliminate *Skidmore*'s holding that an agency's interpretation may merit some deference whatever its form, given the specialized experience and broader investigations and information available to the agency and given the value of uniformity in its administrative and judicial understandings of what a national law requires."

*United States v. Mead Corp.*, 533 U.S. 218, 234 (2001) (quotation and citation omitted).

Here, the relevant regulation closely tracks the language of § 406(b)(1); it does not distinguish between a remand for benefits and a remand for further proceedings. *See* 20 C.F.R. § 404.1728(b). Thus, it appears that the Commissioner's practice essentially is a gloss on the text of the regulation and statute. We cannot say that the Commissioner's policy, at least as to this specific issue, has ever undergone the formal rulemaking process. In these circumstances, the Commissioner's interpretation is deserving only of *Skidmore* deference.

With *Skidmore* deference, the weight to be given the agency's practice in particular circumstances depends upon "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade . . . ." *Skidmore*, 323 U.S. at 140. "Under *Skidmore*, the degree of deference given informal agency interpretations will 'vary with circumstances, and courts have looked to the degree of the agency's care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency's position.'" *S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 759 (10th Cir. 2005) (quoting *Mead Corp.*, 533 U.S. at 228).

For several reasons, in this instance we find the agency's position persuasive. First, the agency's position is not just its litigating position; it

reflects the agency's consistent practice over a number of years. In these circumstances, consistency is a virtue. *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 417 (1993) ("[T]he consistency of an agency's position is a factor in assessing the weight that position is due."); *cf. S. Utah Wilderness Alliance*, 425 F.3d at 760 (holding that "the agency's interpretation lacks the 'consistency' that is required to warrant strong *Skidmore* deference"). Second, the agency's position appears thoroughly considered and expresses valid reasoning. Third, as discussed below, the agency's position is consistent with (indeed, apparently it stems from) the weight of circuit court authority on this issue. Thus, the agency's position also weighs toward adopting the broader reading of § 406(b)(1).

### D. Case Law

Few circuit courts have specifically addressed the question before the court. As the district court noted, many courts that have awarded fees in similar proceedings have done so under an assumption that § 406(b)(1) applied, rather than after examining the statute. *See McGraw*, 370 F. Supp. 2d at 1145. Our sister circuits that have addressed the issue, however, have concluded that § 406(b)(1) allows an award of fees in these circumstances.

The Fourth Circuit's *Conner* decision appears to be one of the leading circuit cases on this issue. There, the district court had remanded a case for a hearing on new evidence. 381 F.2d at 497. After the hearing, the agency made an award of past-due benefits, and both the agency and the district court awarded

fees to claimant's counsel.  *Id.* at 498.  On appeal, the Secretary argued that the statute set three conditions: "(1) there must be a judgment, (2) which is favorable to the claimant, and (3) which awards him benefits."  *Id.* at 499.  The Secretary then argued, "[a]pplying this construction of the amendment to the instant case it is argued that while a remand for a purpose of taking new evidence is a judgment favorable to the claimant, the court did not award benefits and, therefore, had no authority to award a counsel fee."  *Id.*  In response, the Fourth Circuit stated:

> Should the Secretary prevail in this case there would be a serious hiatus in the Social Security law which would work to the ultimate detriment of those seeking disability benefits.  The Secretary's authority to award counsel fees extends only to services rendered at the administrative stage.  No appeal from his decision may be taken.  The Secretary, in turn, is powerless to award fees for services rendered in court.  In the face of these facts the Secretary would have us limit the court's power to award fees to those situations in which the District Court entered a judgment specifically awarding benefits.  Under this view, an attorney, such as counsel in this case, who renders substantial service before the court and is successful in obtaining a remand which ultimately leads to an award of benefits would be compensated only for work done at the administrative level; his labors in court, no matter how effective and productive as in the instant case, would go unrewarded.  This might tend to discourage attorneys from undertaking to represent claimants in such cases. . . .  It would further appear that counsel seeking judicial review of the Secretary's denial of benefits would be loath to request a remand–no matter how appropriate–especially where there appeared to be a strong possibility that the Secretary's decision would be reversed by the court.
>
> We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who ultimately honors the claim for benefits.  While the 1965 amendment is not concerned with the specific situation before

-16-

us, we conclude that the intent of Congress was broad enough to encompass it. The purpose of this amendment was to provide, within reasonable limits, fees for attorneys rendering services in the District Court. To permit counsel to receive a reasonable fee for such services will not defeat such purpose, but will serve to advance it.

*Id.* at 500 (citations omitted). The court reiterated its position in *Brown v. Gardner*, 387 F.2d 345, 346 (4th Cir. 1967), and *Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir. 1982).

Shortly after the Fourth Circuit's 1967 decisions, the Sixth Circuit adopted the Fourth Circuit's position without additional analysis. *See Philpott v. Gardner*, 403 F.2d 774, 775 (6th Cir. 1968). In a later case, that court further stated, "42 U.S.C. § 406(b) authorizes the District Court to award attorneys' fees in compensation for services rendered before it. . . . The tenor of § 406(b) is permissive rather than mandatory. It says that the court *may* make such an award, not that such an award *shall* be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).

The Eighth Circuit also adopted the Fourth Circuit's reasoning. In *Fenix v. Finch*, 436 F.2d 831, 835 (8th Cir. 1971), it addressed whether to enforce a fee agreement that exceeded the new statutory maximum in a case in which the 1965 amendments did not apply. As part of its analysis, it favorably quoted the *Conner* discussion set forth above. *See id.* In later cases, the court cited *Fenix*, without additional analysis, for the proposition that the district court could award fees under § 406(b)(1) when a claimant received an award of benefits after a remand.

-17-

*See Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986); *Burnett v. Heckler*,

756 F.2d 621, 624 (8th Cir. 1985).

The most recent circuit to address the issue is the Eleventh Circuit. Its

review of the statutory language, legislative history, and case law also led it to

conclude that attorney's fees are available in the case of a remand for further

proceedings. *Bergen*, 2006 WL 851664, at *4.

### E.  Section 406(b)(1) Allows Fee Award

We conclude that § 406(b)(1) allows a district court to award attorneys'

fees in conjunction with a remand for further proceedings; it is not required, as a

predicate to a § 406(b)(1) fee award, that the district court remand for an award of

benefits.  Of course, a predicate to a § 406(b)(1) fee award is that the claimant

eventually be awarded past-due benefits, whether at the agency level or during

further judicial proceedings.

While the magistrate judge is to be commended for his thorough analysis,

in these circumstances confining § 406(b)(1)'s terms to their narrowest meaning

"seems to us to be too technical a construction of the Act which we need not

adopt." *Hopkins*, 390 U.S. at 534.  As discussed above, the broader reading of

§ 406(b)(1) also is supported by its legislative history, long-standing agency

policy and practice, and the persuasive opinions of our sister circuits.

Additionally, as other circuits have discussed, implementing a categorical

denial of SSA fees in cases of remands for further proceedings could negatively

-18-

impact Social Security proceedings.  EAJA fees are not always available, and even if they are, the award is to the claimant, who may or may not tender that award to counsel, regardless of their agreement.  Thus, counsel may prove less willing to provide representation at the district court level if they have little hope of SSA fees in many cases in which they actually do succeed before the district court.  *See Bergen*, 2006 WL 851664, at \*3; *Conner*, 381 F.2d at 500.  Moreover, if their fees depend on the distinction between remands for awards of benefits and remands for further proceedings, attorneys might be encouraged, even if only subconsciously, to focus on securing the former rather than the latter.  *See Bergen*, 2006 WL 851664, at \*3; *Conner*, 381 F.2d at 500.

Because we hold that § 406(b)(1) allows the district court to award fees in conjunction with a remand for further proceedings, we reverse the district court's decision that fees are not available as a matter of law.  And in light of the need for additional proceedings in this and other cases,[4] we briefly address procedures for asserting § 406(b)(1) fee requests.

### III.  Procedural Issues

Section 406(b) itself does not contain a time limit for fee requests.  *See Bergen*, 2006 WL 851664, at \*4; *Smith*, 815 F.2d at 1156.  Federal Rule of Civil

---

[4]      As noted in *McGraw*, 370 F. Supp. 2d at 1142, the district court also had pending a number of other cases, involving other claimants, in which Mr. McGraw's counsel requested fee awards.  Those cases are also on appeal, and we are vacating those judgments and remanding the cases in separate orders and judgments.

Procedure 54(d)(2)(B), on the other hand, requires that fee motions be filed "no later than 14 days after entry of judgment." But a sentence-four remand requires entry of judgment at the time of the remand, *see Shalala v. Schaefer*, 509 U.S. 292, 297 (1993), and an SSA fee award will only rarely be calculable before the end of that fourteen-day period, *see Smith*, 815 F.2d at 1156. How, then, can counsel seek, and the district court order in appropriate cases, a § 406(b)(1) fee award in compliance with the Federal Rules of Civil Procedure?

One possibility would be to hold that Rule 54(d)(2) does not apply literally to § 406(b)(1) fee requests. This is the approach recently adopted by the Eleventh Circuit, which stated, "Although the rules are necessary for the efficient administration of justice, their strict application in the present instance conflicts with congressional intent in enacting § 406(b) and is impractical in light of the exigencies particular to post-judgment proceedings in Social Security cases." *Bergen*, 2006 WL 851664, at *4. That court held that Rule 54(d)(2)(B)'s fourteen-day period should begin to run "from the day that the [Commissioner's] award notice is issued." *Id.* This approach, however, seems contrary to the plain language of that rule, which states that "the motion must be filed no later than 14 days *after entry of judgment.*" (emphasis added). It appears that the term "judgment" refers to the judgment of the district court. *Cf. Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991); *Quigley v. Rosenthal*, 427 F.3d 1232, 1236

(10th Cir. 2005). Because this procedure fits awkwardly with Rule 54(d)(2)(B), we are uncomfortable with adopting it.

Another approach would be for the district court to issue a conditional ruling. In *Outlaw v. Chater*, 921 F. Supp. 13, 18 (D.D.C. 1996), the court made a contingent award, "direct[ing] the defendant, in the event past-due benefits are awarded to the plaintiff, to settle a judgment of attorney's fees for [plaintiff's attorney] for the lesser of (1) 109.4 hours of work at a reasonable rate, or (2) 25 percent of the past-due benefits." This procedure also is flawed, though, as it requires issuing a decision on a hypothetical issue, which federal courts do not have the power to do. *See Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 965 (10th Cir. 1996) ("Federal courts may only decide cases or controversies . . . . In order to satisfy this threshold requirement, there must be 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). Also, as handled in *Outlaw*, the first alternative seems to delegate to the Commissioner the court's authority to determine a "reasonable rate" for services before the court, which would contravene our decision in *Harris*, 836 F.2d at 497-98, that each forum allocates fees for work before it. And the second alternative appears to abrogate the court's statutory responsibility to ensure that the amount of fees awarded, even

-21-

though within the statutory maximum of twenty-five percent, still is reasonable in the circumstances of the particular case. *See Gisbrecht*, 535 U.S. at 807. Neither of these outcomes is acceptable.

We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award. *See Reyes v. Sec'y of Health & Human Servs.*, 807 F. Supp. 293, 295 (S.D.N.Y. 1992). "Rule 60(b)(6) has been referred to as a 'grand reservoir of equitable power to do justice in a particular case.'" *Pelican Prod. Co. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc)) (further quotation omitted). We recognize that relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances. *See, e.g., Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). But we have also stated that "the rule should be liberally construed when substantial justice will thus be served." *Pierce*, 518 F.2d at 722 (quotation omitted). Substantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6).

A motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits. *See Smith*, 815 F.2d at 1156. Of course, decisions on Rule 60(b)(6) motions for § 406(b)(1) fees, like Rule 60(b)(6) motions on other grounds, are committed to the district court's sound discretion. *See Pelican Prod. Corp.*, 893 F.2d at 1145-46.

## IV. Conclusion

Mr. McGraw's motion to file an addendum of recent citations is GRANTED and the Clerk is directed to accept the addendum for filing as of the date of original receipt.

Because § 406(b)(1) allows for an attorney's fee award when a district court remands a Title II Social Security disability benefits case and the Commissioner subsequently awards past-due benefits to the claimant, we REVERSE and REMAND to the district court for further proceedings. We express no opinion on the reasonableness of counsel's requested fees or the timeliness of his fee motion in this case, leaving those questions to the district court's consideration in the first instance.