**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JERRY A. BENNETT,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 06-5030
(D.C. No. 03-CV-534-SAJ)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

Jerry Bennett appeals the district court's decision to deny an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b)(1). We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we REVERSE the denial of fees and REMAND for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Social Security Commissioner initially denied Mr. Bennett's application for disability insurance benefits and supplemental security income. The district court vacated the agency's decision and remanded for further proceedings. On remand, the administrative law judge issued a decision fully favorable to Mr. Bennett, and the agency calculated Mr. Bennett was due $33,233.20 in past-due disability insurance benefits.

Based on the award of past-due benefits, Mr. Bennett moved the district court to award attorney's fees under 42 U.S.C. § 406(b)(1). The district court denied the fee request, holding that § 406(b)(1) does not permit the court to make a fee award when the Commissioner awards past-due benefits on remand, as distinguished from the district court itself awarding benefits. The district court further concluded that the request was untimely filed under Fed. R. Civ. P. 54(d)(2).

While this appeal was pending, this court held that § 406(b)(1) does permit the district court to award attorneys' fees for work before the court when benefits are awarded at the agency level on remand. *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006).[1] In that case, we also explained that Rule 54(d)(2) is not

---

[1] Neither party filed a Fed. R. App. P. 28(j) notice of supplemental authority to draw the panel's attention to *McGraw*, which was decided approximately two weeks after briefing concluded in this appeal. Although a Rule 28(j) notice is not required under our rules, it is a hallmark of good advocacy to file such a notice, especially where the supplemental authority clearly controls, as in this appeal. Further, we consider it courteous to the court.

practical in SSA fee award cases when benefits are awarded on remand. *Id.* at 504. Thus, we approved of using Fed. R. Civ. P. 60(b)(6) to seek a § 406(b) fee award, noting that such a motion "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *Id.* at 505. Thus, we REVERSE the district court's denial of attorney's fees and REMAND for further proceedings in light of *McGraw*.[2] As in *McGraw*, we leave the questions of the reasonableness of counsel's requested fees and the timeliness of the fee motion to the district court's consideration in the first instance. *See id.* at 505.

Entered for the Court


Robert H. Henry
Circuit Judge

---

[2] In addition to questions addressed by *McGraw*, Mr. Bennett argues on appeal that fee awards under § 406(a) and § 406(b) for all work before the agency and the court for all attorneys involved in a particular case are not limited to an aggregate of twenty-five percent of the past-due benefits. The district court did not reach this issue, which the Commissioner initially raised, because it held that it did not have authority under § 406(b)(1) and Fed. R. Civ. P. 54(d)(2) to make a fee award. In light of our remand for further proceedings, we leave this question for the district court's consideration in the first instance.