EBEL, Circuit Judge,
Dissenting.
Simply put, this case calls on us to consider whether an individual has necessarily been deemed to have used or attempted to use “physical force” for purposes of 18 U.S.C. § 921(a)(33)(A) when he has been convicted of a misdemeanor crime of domestic violence for “touching] another in a rude, insolent or angry manner.”[1] Apparently based on the premise that physical force only occurs when some sort of injury or harm arises, the majority concludes that *682 a rude, insolent, or angry touch does not necessarily involve physical force. I disagree and therefore respectfully dissent. In my opinion, the majority’s conclusion is not supported by the plain language of the statute, is not supported by the overall statutory scheme, and is not supported by wise policy.
I. Plain Language
“When interpreting the language of a statute, the starting point is always the language of the statute itself. If the language is clear and unambiguous, the plain meaning of the statute controls.” McGraw v. Barnhart, 450 F.3d 493, 498 (10th Cir.2006) (quotations omitted). Black’s Law Dictionary defines “force” as “[p]ower, violence, or pressure directed against a person or thing.” Black’s Law Dictionary (8th ed.2004). The term “physical” is not defined in Black’s, but is defined elsewhere as “[o]f or relating to the body as distinguished from the mind or spirit.” American Heritage Dictionary (4th ed.2006). Thus, the term “physical force,” may be understood to involve the infliction of power, violence, or pressure against a person’s body.
We compare that definition to the Wyoming misdemeanor domestic violence statute that criminalizes touching that is rude, insolent, or angry. The term “touch,” by itself, could include any incidental contact between two persons. The American Heritage Dictionary defines “touch” as “[t]o cause or permit a part of the body, especially the hand or fingers, to come in contact with so as to feel.” Id. However, Wyoming does not use the word “touch” by itself. It criminalizes as a misdemean- or domestic violence offense only touching that is “rude, insolent or angry.” Those kinds of touches are not incidental, but are deliberate and aggressive — the very kind of physical force that Congress intended to cover in section 921(a)(33)(A).
While the majority appears to agree that the foregoing is correct from a “scientific perspective,” it nevertheless believes that something more is required from a “legal perspective.” To this end, the majority relies on Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). I believe the majority’s reliance is misplaced.
In Leocal, the defendant had been previously convicted under a Florida statute that made “it a third-degree felony for a person to operate a vehicle while under the influence and, ‘by reason of such operation, caus[e] ... [s]erious bodily injury to another.’” 543 U.S. at 7, 125 S.Ct. 377 (quoting Florida Stat. § 316,193(3)(c)(2)) (alterations in original). The Court was asked to consider whether the defendant’s conviction in this regard was a “crime of violence” for purposes of 18 U.S.C. § 16, and therefore an aggravated felony for purposes of removability under the Immigration and Nationality Act (INA). 18 U.S.C. § 16 defines a crime of violence as:
(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
In concluding that the defendant’s Florida conviction did not fall within the ambit of this statutory language, the Court relied in large part on the notion that the Florida statute lacked a mens rea requirement, while the term “use” in 18 U.S.C. § 16(a) “suggest[ed] a higher degree of intent than negligent or merely accidental conduct.” Leocal, 543 U.S. at 9,125 S.Ct. 377.
*683 Wyo. Stat. Ann. § 6-2-501(b) does have a mens rea requirement, however, making Leocal inapposite to the case at hand. In Streitmatter v. State, 981 P.2d 921, 924 (Wyo.1999), the Wyoming Supreme Court indicated that “[i]t is clear that Wyo. Stat. Ann. §§ 6-2-501 and 6-2-502 ..., simple assault and battery and aggravated assault and battery, are the statutory equivalents of a crime at common law.” As such, the court had no hesitancy in concluding that “Wyo. Stat. Ann. § 6 — 2—502(a)(iii)[2] is a general intent crime ” and would no doubt reach the same conclusion in relation to § 6-2-501. Id. at 924 (footnote and emphasis added). Importantly, general intent crimes require “the intentional doing of the prohibited act itself....” Id. (emphasis added) (quoting 22 C.J.S. Criminal Law, § 30, p. 105). Thus, an individual may not violate § 6-2-501 by engaging in the type of “negligent or merely accidental conduct” that was at issue in Leocal.
The majority also appears to place great weight on the Court’s statement in Leocal that it could not “forget that [it was] ultimately ... determining the meaning of the term ‘crime of violence.’ ” 543 U.S. at 11, 125 S.Ct. 377. In this regard, the majority asserts that it is significant for our purposes that the Leocal Court went on to assert, “[t]he ordinary meaning of this term, combined with § 16’s emphasis on the use of physical force against another person ... suggests a category of violent, active crimes that cannot be said naturally to include DUI offenses.” Id. (emphasis added).
This language, however, is not on point for purposes of the case at hand. Unlike the Leocal Court, we are not being asked to ultimately consider the meaning of the term “crime of violence.” Instead, we are being asked ultimately to consider the meaning of the term “misdemeanor crime of domestic violence.” The majority gives no weight to the misdemeanor qualifier that is central to this case. A misdemean- or crime will undoubtedly involve less violence than a felony; that is why it is a misdemeanor. We must also remain mindful that Congress’ concern was “domestic” violence, where a victim may often be disproportionately vulnerable and where the range of force that may be used could take an almost infinite number of forms.
Finally, it is critical to remember that Wyo. Stat. Ann. § 6-2-501(b) criminalizes only rude, insolent, and angry touching; not mere touching. Such conduct is by no means de minimis, but instead, is the type that may readily lead to an escalation of violence.[3]
It is presumably for these reasons that Congress used the broad phrase “physical force” unadorned or restricted by limiting qualifiers such as “violent” or “substantial” or “likely to cause injury” or “having the potential to cause injury” or “offensive” or any of the other myriad qualifiers that may now come into play as a result of the *684 majority’s divergence from the simple statutory language. In plain English, a rude, insolent, or angry touch in a domestic context necessarily involves a “use of physical force.” Congress did not choose to limit the phrase “physical force,” and accordingly, neither should we.
II. Overall Statutory Scheme
As explained in the previous section, the plain language of section 921(a)(33)(A) does not require any sort of injury to occur before a predicate offense may arise. This point is bolstered by an examination of the overall statutory scheme. 18 U.S.C. § 922(g)(8)(C)(ii) criminalizes the possession of firearms by individuals who are subject to certain court orders. Specifically, section 922(g)(8)(C)(ii) applies to an individual who is subject to a court order that “by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury .... ” (Emphasis added.) Thus, section 922(g)(8)(C)(ii) is explicitly limited to “physical force” “that would be reasonably expected to cause bodily injury.” Section 921(a)(33)(A), of course, carnes no such qualifier. Nevertheless, the majority concludes that it ought to judicially add such a restriction to section 921(a)(33)(A). This is unwarranted.
“It is well settled that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.” Duncan v. Walker, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (alteration, quotations omitted). The majority offers no explanation for Congress’ failure to limit “physical force” as used in section 921(a)(33)(A) to acts “that would reasonably be expected to cause bodily injury.” Instead, the majority’s opinion essentially serves to graft this language onto section 921(a)(33)(A) itself, and thereby does substantial harm to the presumption that Congress intentionally and purposely sought to do otherwise. This is imprudent, as section 922(g)(8)(C)(ii) clearly establishes that Congress had the wherewithal to add an “expected to cause bodily injury” qualifier had it wished to do so.
III. Policy
As a final matter, it seems to me that the majority’s opinion is unwise from a policy perspective. It imposes an amorphous legal standard to determine whether conduct involving “physical force” rises to the level of a predicate offense for purposes of section 922(g)(9). The majority apparently requires that physical force result in some sort of “harm or injury.” But, how much and of what kind? Is a scratch sufficient? What if glasses are knocked off the victim’s face and broken, but the victim sustains no physical marks from the assault? How about an emotional injury? Once we start down the slippery slope left open by the majority opinion of qualifying what constitutes “physical force,” our work will never be done.[4]
*685 I expect that Congress itself appreciated these difficulties, and therefore adopted the simple, more easily applied standard that is reflected in the statute’s plain language. Based on section 921(a)(33)(A), an enhancement under section 922(g)(9) is appropriate whenever (1) in a domestic context, (2) the defendant has used physical force against another, (3) resulting in a conviction of a state misdemeanor for domestic violence. Unlike the amorphous standard engrafted onto the statute by the majority, the standard chosen by Congress can be easily applied. And of course, in the unlikely event that in a particularly unusual case the straightforward congressional standard is inequitable and represents a departure from the heartland context of section 922(g)(9), the sentencing court is always free to consider a variance. Thus, I believe the effort of the majority to improve upon the statute as drafted is neither necessary nor beneficial.

. Mr. Hays failed to raise below the argument that the second prong of Wyo. Stat. § 6-2-501(b) (criminalizing "intentionally, knowingly or recklessly caus[ing] bodily injury to another") does not necessarily involve the use of physical force. As such, we may only review this argument for plain error; I do not believe that Mr. Hays has met his burden under the plain error standard. First, the case that Mr. Hays relies on in making his plain error argument, United States v. Perez-Vargas, 414 F.3d 1282 (10th Cir.2005), neither involved Wyoming law nor section 921(a)(33)(A). Second, Mr. Hays failed to establish that his conviction did not involve the use of force (in fact the PSR suggests otherwise), and therefore failed to meet his burden in establishing a miscarriage of justice.

. Wyo. Stat. Ann. § 6 — 2—5 02(a)(iii) provides that
(a) A person is guilty of aggravated assault and battery if he:
(iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another....

. One must keep in mind that section 18 U.S.C. § 922(g)(9) may only be invoked if there has been a previous conviction for misdemeanor domestic violence. The requirement of a prior conviction should be an adequate safeguard to ensure section 922(g)(9) is not invoked frivolously, as only incidents that were sufficiently severe to require police intervention and ultimately support a criminal prosecution and conviction will give rise to the enhancement.

. Indeed, although the majority cites several other circuits' precedent as support for its opinion, it appears there is now a three-way circuit split with respect to the general issue presented by this case. The opinions of the First, Eighth, and Eleventh circuits are in accord with my view that the plain language of the statute ought to control. See United States v. Griffith, 455 F.3d 1339, 1342 (11th Cir.2006) (asserting that ''[a] person cannot make physical contact-particularly of an insulting or provoking nature-with another without exerting some level of physical force”), cert. denied, -U.S.-, 127 S.Ct. 2028, 167 L.Ed.2d 771 (2007); United States v. Nason, 269 F.3d 10, 20 (1st Cir.2001) (as *685 serting that "offensive physical contacts with another person’s body categorically involve the use of physical force (and, hence, qualify as misdemeanor crimes of domestic violence under section 922(g)(9) if perpetrated against domestic partners)”); United States v. Smith, 171 F.3d 617, 621 n. 2 (8th Cir.1999) (asserting that "insulting or offensive” ... “physical contact, by necessity, requires physical force to complete.”). Meanwhile, the Seventh and Ninth circuits have adopted standards under which physical force must be "violent.” See United States v. Belless, 338 F.3d 1063, 1068 (9th Cir.2003) (asserting ”[t]he phrase 'physical force' in the federal definition at 18 U.S.C. § 921(a)(33)(A)(ii) means the violent use of force against the body of another individual” (emphasis added)); Flores v. Ashcroft, 350 F.3d 666, 669, 672 (7th Cir.2003) (although not precisely on point, asserting that a conviction for "touching in a rude, insolent, or angry manner” was not a crime of domestic violence for purposes of removability under the INA because it did not require "violent” force). Finally, as a third alternative, the majority evidently adopts the standard that "physical force” only arises when it causes "harm or injury. ” This suggests a need for the Supreme Court to intervene to resolve this split.