FILED
United States Court of Appeals
Tenth Circuit

October 8, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN C. EARLY,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 07-6294
(D.C. No. 5:03-CV-00009-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Plaintiff-appellant Steven C. Early appeals the district court's denial of his motion for attorney fees under 42 U.S.C. § 406(b)(1), as untimely filed. Under that subsection, which governs the award of attorney fees for representation

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

before a court in social security cases,[1] a court that "renders a judgment favorable" to a social security claimant may also grant a "reasonable" attorney fee to the claimant's attorney, not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," and the Commissioner may pay that fee out of those past-due benefits. 42 U.S.C. § 406(b)(1)(A). In *McGraw v. Barnhart*, 450 F.3d 493, 504-05 (10th Cir. 2006), this court held that a district court may award attorney fees under § 406(b)(1), when, as happened in this case, it rendered a judgment remanding a social security case to the agency, and the agency subsequently awarded benefits.

In this case, the disagreement was not over whether attorney fees *could* be awarded, but over whether Mr. Early's attorney had timely filed his district court fee motion. Federal Rule of Civil Procedure 54(d)(2)(B)(i) directs that fee motions must be filed with the district court no later than fourteen days after the "entry of judgment." This clearly did not happen here, in that Mr. Early's fee motion was filed with the district court almost three years after entry of the district court's judgment remanding to the agency. But this court recognized in *McGraw* that the timely filing of a § 406(b)(1) fee application would often be impossible in situations where benefits were only granted following remand. 450 F.3d at 504. After examining the law in some of our sister circuits, we directed

---

[1]    Subsection (a), on the other hand, governs fee awards for representation at the administrative level.

that the proper procedure in this circuit was for counsel to utilize the authority of Federal Rule of Civil Procedure 60(b)(6) to file the motion for § 406(b)(1) fees "within a reasonable time of the Commissioner's decision awarding benefits." *Id.* at 505.

Here, as approved by *McGraw*, Mr. Early's counsel filed a Rule 60(b)(6) motion requesting leave to file his fee motion more than fourteen days after the district court's entry of judgment remanding the case to the agency. But the question at issue is whether counsel filed these motions "within a reasonable time of the Commissioner's decision awarding benefits." *Id.* Counsel did not file the motions with the district court until May 9, 2007, more than fifteen months after the administrative law judge's favorable decision on remand, and thirteen months after Mr. Early received the Commissioner's Notice of Award informing him that he was entitled to $86,826 in past-due benefits and that the fee agreement between Mr. Early and his counsel had been approved. Counsel argued, among other things, that he delayed filing his motion for § 406(b)(1) fees in the district court because he needed to see the actual amount of § 406(a) fees he would receive for his work at the administrative level, in order to reduce his § 406(b)(1) fee request by that amount. The district court held that counsel could have easily calculated his § 406(a) fees after he received the Notice of Award and that he had not filed his district court fee motion "within a reasonable time of the

Commissioner's decision awarding benefits" under *McGraw*, Aplt. App. at 97-98 (citing *McGraw*, 450 F.3d at 505), and this appeal followed.

We have jurisdiction over the appeal under 28 U.S.C. § 1291, and we review the district court's denial of the Rule 60(b)(6) motion for § 406(b)(1) fees for an abuse of discretion, *see McGraw*, 450 F.3d at 505. "A trial court abuses its discretion when it issues a ruling that is arbitrary, capricious, whimsical, or manifestly unreasonable." *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 590 (10th Cir. 2007) (quotation omitted).

Mr. Early's counsel raises three points, none of which have merit. He first argues that the district court abused its discretion by "attempting to resurrect" the "rejected concept" that Rule 54(d) applies to an application for § 406(b)(1) attorney fees. Aplt. Opening Br. at 17. In arguing that Rule 54(d) has no application in this case, counsel misunderstands our ruling in *McGraw*. The district court's analysis was correct. As it noted, counsel did not meet the fourteen-day Rule 54(d) deadline that applied to his fee motion. But, as approved by *McGraw*, he was nevertheless entitled to utilize Rule 60(b)(6), which we noted "has been referred to as a grand reservoir of equitable power to do justice in a particular case[,]" 450 F.3d at 505 (quotation omitted), to obtain consideration of his untimely motion "within a reasonable time of the Commissioner's decision awarding benefits," *id*.

Counsel's second argument is that the district court abused its discretion because it used the issuance of the Notice of Award as the "triggering event" in deciding whether the § 406(b)(1) fee motion was filed within a reasonable time.[2] Aplt. Opening Br. at 17. As support, he first states that the use of the Notice of Award as the triggering event was recommended by the Eleventh Circuit in *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). He then cites *McGraw* in stating that "[t]he linkage of timeliness to a fourteen day period following the *Notice of Award* has specifically been rejected by the Tenth Circuit." Aplt. Opening Br. at 17. If counsel believes that *McGraw's* rejection of *Bergen* indicates a determination that courts should not utilize the Notice of Award when determining the timeliness of a § 406(b)(1) fee motion filed after an award on remand, it is a serious misunderstanding of our holding. Even a cursory reading of *McGraw* reveals that our concern with *Bergen* arose from its determination to modify the wording of Rule 54(d) when used in these situations, which is a different issue entirely.

Finally, counsel argues that the district court abused its discretion in denying his Rule 60(b)(6) motion because it was reasonable as a matter of law under our ruling in *McGraw* from him to wait until after he had actually received

_____

[2]     Although Mr. Early apparently reads the district court's decision as equating the Notice of Award in this case with "the Commissioner's decision awarding benefits" referred to in *McGraw*, *see* 450 F.3d at 505, we think it more likely that the district court simply referenced that document as the latest agency document that might meet that description.

his § 406(a) fee to file his motion for his § 406(b)(1) fee. His argument is that (1) until the § 406(a) fee is actually paid it is a mere contingency, (2) prior to actual payment, any district court decision awarding a § 406(b)(1) fee would rest on a hypothetical issue (i.e., that the awarded § 406(a) fee would actually be paid), and (3) that, as recognized in *McGraw*, any such decision would be premature in that there would be no actual case or controversy that could be decided by the district court. This argument is meritless.

In *McGraw*, we noted that district courts do not have the power to issue decisions relying on hypothetical future occurrences. 450 F.3d at 504. We found "flawed" a decision by a district court in another circuit awarding attorney fees that were to be paid only "in the event" that the agency awarded past-due social security benefits on remand. *Id.* But this does not mean that *McGraw* stands for the proposition that a district court must wait until the agency has paid out the § 406(a) fees before it may enter an order on § 406(b)(1) fees. This misreading is shown by the actual wording of *McGraw*, which held that the fee motion "should be filed within a reasonable time of the Commissioner's *decision awarding benefits*[,]" *id.* at 505 (emphasis added), not within a reasonable time of the *payment* of benefits. Consequently, the decision was within the district court's discretion and its ruling was certainly not "arbitrary, capricious, whimsical, or manifestly unreasonable." *King*, 485 F.3d at 590 (quotation omitted).

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge