# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 25, 2013

No. 12-10255

Lyle W. Cayce
Clerk

SAMUEL D. JACKSON,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, CLEMENT, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case concerns the type of judgment for which a district court can grant attorneys' fees to the attorney of a prevailing social-security claimant under the Social Security Act, 42 U.S.C. § 406(b). The district court determined that § 406(b) does not authorize attorneys' fees when a district court remands a case to the Social Security Administration ("SSA"), even when the SSA grants benefits on remand. On appeal, both parties agree that the district court's construction of § 406(b) is erroneous.[1] We reverse.

---

[1] Although Jackson is the named plaintiff-appellant in this case, the real party in interest is Jackson's attorney, whose motion for § 406(b) fees gives rise to this appeal.

No. 12-10255

## I.

In 2004, Samuel Jackson filed a claim for disability-insurance benefits and supplemental-security-income benefits under Titles II and XVI of the Social Security Act. The SSA denied Jackson's claim and Jackson appealed to the Northern District of Texas. On February 15, 2011, a magistrate judge recommended reversing the SSA's denial of benefits and remanding Jackson's claim to the SSA for further proceedings. On March 8, 2011, the district court entered an order adopting the magistrate judge's recommendation. In light of this favorable judgment, Jackson's counsel sought an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The district court granted counsel's request and awarded him $4,685.53 in fees.

On remand, the SSA determined that Jackson was disabled and awarded him past-due benefits. Thereafter, Jackson's counsel filed a motion asking the district court for attorneys' fees under 42 U.S.C. § 406(b) in the amount of $17,921.25, representing 25 percent of Jackson's benefits award.[2] The district court denied the motion, concluding that under a literal interpretation of § 406(b), it was not authorized to award the requested fees. The sole issue presented by this appeal is whether the district court erred by concluding that it lacked the legal authority to award § 406(b) fees.

## II.

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social-security-benefits] claimant . . . who was represented before

---

[2] Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), "but . . . must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (alterations in original) (citations omitted) (internal quotation marks omitted). In this case, Jackson's counsel stipulated that he would refund the $4,685.53 EAJA award to Jackson upon receipt of the larger § 406(b) award.

the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."[3] In this case, the district court reasoned, Jackson did not receive benefits "by reason of" the district court's remand order, but by virtue of the SSA's subsequent determination that Jackson qualified as disabled. Consequently, the district court concluded, it lacked the statutory authority to award § 406(b) fees to Jackson's counsel.

We disagree. The district court's interpretation of § 406(b) is too narrow. As the Tenth Circuit has observed, "in a broader sense, it easily can be said that an award of benefits made after a court-ordered remand is an award made 'by reason of' the court's judgment; after all, if it were not for the order of remand continuing the proceedings, there would be no benefits award."[4] In *Jeter v. Astrue*, we implicitly adopted the Tenth Circuit's reasoning, observing that "[f]or purposes of § 406(b), a successful decision on remand is considered a favorable decision before the district court."[5] The district court dismissed our statement in *Jeter* as dicta, observing that "the parties in [*Jeter*] did not challenge or brief the applicability of § 406(b)(1)[] and the Fifth Circuit's statement is not accompanied by any analysis." We hereby reaffirm *Jeter*'s understanding of § 406(b) and take this opportunity to explain our reasoning.

As we observed in *Dawson v. Finch*, Congress intended § 406(b) "to encourage effective legal representation of claimants by insuring lawyers that

---

[3] 42 U.S.C. § 406(b). The SSA then "certif[ies] the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id.*

[4] *McGraw v. Barnhart*, 450 F.3d 493, 499 (10th Cir. 2006).

[5] 622 F.3d 371, 375 n.3 (5th Cir. 2010).

No. 12-10255

they will receive reasonable fees directly through certification by the Secretary."[6] The district court's narrow reading of § 406(b) risks undermining this congressional policy. Under the district court's approach:

> an attorney . . . who renders substantial service before the court and is successful in obtaining a remand which ultimately leads to an award of benefits would be compensated only for work done at the administrative level; his labors in court, no matter how effective and productive . . . would go unrewarded. This might tend to discourage attorneys from undertaking to represent claimants in such cases.[7]

In this regard, it bears mentioning that between 1995 and 2005, roughly half of disability appeals adjudicated on the merits resulted in remand orders.[8]

The district court expressed confidence that its understanding of § 406(b) did not conflict with Congress's desire to "encourage attorneys to take social-security cases," observing that attorneys who succeed on remand can still recoup fees under § 406(a) and the EAJA. We are not persuaded by the district court's reasoning. First, § 406(a) fees are only available to compensate attorneys for representation before the SSA, not for work performed to obtain a remand order

---

[6] *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Congress also intended § 406(b) to ensure that benefits for the disabled are not diluted by excessive contingency fees. *Id.* Section 406(b) accomplishes this purpose by limiting attorneys' fees to 25 percent of the benefits recovered. In this case, counsel's request for attorneys' fees falls within the statutory cap.

[7] *McGraw*, 450 F.3d at 502 (quoting *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967); *see also Bergen v. Comm'r*, 454 F.3d 1273, 1277 (11th Cir. 2006) ("Reading § 406(b)(1)(A) literally, as did the district court, would frustrate the underlying congressional policy of encouraging effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." (internal quotation marks and alterations omitted)).

[8] U.S. GOV'T ACCOUNTABILITY OFFICE, GAO-07-331, SSA HAS TAKEN STEPS TO ADDRESS CONFLICTING COURT DECISIONS, BUT NEEDS TO MANAGE DATA BETTER ON THE INCREASING NUMBER OF COURT REMANDS 13 (2007), *available at* http://www.gao.gov/products/GAO-07-331. Of the cases remanded to the SSA during this period, the agency "awarded benefits to the majority of claimants — about 66 percent — upon re-adjudication." *Id.* at 16.

No. 12-10255

from a district court.[9]   Second, though EAJA awards may be available to compensate attorneys for appellate representation, they are subject to a number of limitations that have no analogues in § 406(b).[10]   For example, whereas § 406(b) fee awards are permissive, EAJA fees are limited to circumstances where the government's litigation position was not "substantially justified." Moreover, whereas § 406(b) permits attorneys to calculate their fees as a percentage of benefits obtained, the EAJA awards fees on a per-hour basis. Finally, whereas § 406(b) fees are paid directly to the successful claimant's attorney, EAJA fees are paid to the claimant, who may or may not tender the award to counsel.[11]   In short, the district court's construction of § 406(b) unavoidably reduces the likelihood that an attorney who undertakes a disability benefits representation will receive reasonable compensation for his work.

For substantially the reasons set forth above, all five circuits to consider the question have determined that § 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand.[12] The SSA has not opposed such fees for over 25 years and now urges this Court to reaffirm our position in *Jeter*.  We take the agency's invitation.

---

[9] *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("[28 U.S.C. § 406] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.").

[10] *Compare* 42 U.S.C. § 406(b)(1)(A), *with* 28 U.S.C. § 2412(d)(1)(A).

[11] *McGraw*, 450 F.3d at 503.  Because the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

[12] *See Bergen,* 454 F.3d at 1277; *McGraw*, 450 F.3d at 502; *Fenix v. Finch*, 436 F.2d 831, 835 (8th Cir. 1971); *Philpott v. Gardner*, 403 F.2d 774, 775 (6th Cir. 1968); *Conner*, 381 F.2d at 500.

No. 12-10255

## III.

We REVERSE the district court's denial of attorneys' fees and REMAND this case for further proceedings consistent with our opinion.