**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BILLY J. HILL,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 07-5009
(D.C. No. 02-CV-126-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

In the district court, Timothy White, counsel for plaintiff Billy Hill, moved

for an award of attorney's fees under section 206(b)(1) of the Social Security Act,

42 U.S.C. § 406(b)(1). Mr. Hill opposed the motion, and the Commissioner of the

Social Security Administration (SSA) argued that the sum Mr. White requested

was unreasonable. The district court denied the motion in its entirety, and this

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal ensued. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C.

§ 1291, and we affirm.

## Background

Mr. Hill applied for disability insurance and supplemental security income benefits under the Social Security Act in March 1997. The Commissioner denied the application. Mr. Hill appealed to the district court, where the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). While that action was pending, Mr. Hill filed a second benefits application in June 2002.

In connection with each application, Mr. Hill apparently entered into two contingent-fee agreements with his attorney, Mr. White, a "Social Security Case Fee Agreement" and an "Attorney Fee Agreement." Thus, in total, it appears there were four fee agreements, but the record contains only the Social Security Case Fee Agreement executed in 1998 and the Attorney Fee Agreement executed in 2002. The entirety of the 1998 Social Security Case Fee Agreement provides as follows:

> This is a Contingent Fee Agreement. If the case is won, then the attorney fee shall be based on either twenty-five percent (25%) of the past due benefits generated or $175.00 an hour for the time expended, whichever is more. Generally, there is a minimum attorney fee of $2500.00, if [sic] but in no event shall the attorney fee exceed fifty percent (50%) of the past due benefits generated if less than $5000.00 in past due benefits is generated. The attorney fee includes any past due auxiliary benefits and/or SSI benefits that are generated. If an *Attorney Fee Agreement*, as provided by 42 U.S.C. § 406, is filed in this case, then it will not apply if less

-2-

than $10,000 in past due benefits is generated <u>and</u> a hearing is held, or if a *Request for Review* is filed with the Appeals Council.

Aplt. App. at 27. The 2002 Attorney Fee Agreement provides, in relevant part:

THIS AGREEMENT is entered into, pursuant to 42 U.S.C. § 406, this 1st day of July, 2002 . . . .

1.    This Agreement is a **contingent fee agreement**, so that attorney fees are payable . . . **only in the event that a favorable administrative determination is rendered** on my Title II . . . disability claim and/or my Title XVI Supplemental Security Income . . . claim.

2.    My Representative and I understand that for a fee to be payable, the [SSA] must approve any fee my Representative charges or collects from me for services my Representative provides in proceedings before SSA in connection with my claim(s) for benefits.

3.    We agree that if the [SSA] favorably decides my claim, I will pay my Representative an attorney fee equal to the **lesser of either twenty-five percent (25%) of the past-due benefits resulting from my claim or the sum of $5,300.00.**

4.    . . . We further understand that the attorney fee for both claims may not exceed the lesser of twenty-five percent (25%) of the combined past due benefits or $5300.00.

Aplt. App. at 30.

In November 2002 the district court granted the Commissioner's unopposed motion to remand the first application to the agency for further proceedings. In February 2003 the district court granted Mr. White's unopposed motion for $2,721.60 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C.

§ 2412 (EAJA), for services rendered in the judicial proceedings because the Commissioner's position was not substantially justified.

In March 2003 an SSA administrative law judge (ALJ) found Mr. Hill disabled and awarded benefits based on his first application, dismissing as duplicative his request for a hearing on his second application, which had been denied initially and upon reconsideration. The ALJ also approved the 2002 Attorney Fee Agreement, which Mr. White previously had filed with the SSA.

On July 28, 2003, the SSA issued a Notice of Award to Mr. Hill, granting him $80,216.70 in past-due benefits, a prospective monthly payment of $987.00, and MediCare eligibility. The agency withheld 25% of the past-due benefits, $20,054.18, for possible payment of attorney's fees under 42 U.S.C. § 406, which, subject to an offset for any EAJA award, "establish[es] the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants," *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). Out of the withheld amount, the agency paid Mr. White $5,300 under § 406(a)(2)(A)[1] for work performed at the administrative level based on the 2002 Attorney Fee Agreement.

---

[1] As relevant here, § 406(a)(2)(A) provides that when past-due benefits are awarded and a written agreement for compensation was previously presented to the Commissioner in which the fee specified does not exceed the lesser of 25% of the total amount of past-due benefits or $4,000 (raised to $5,300 in 2002, *see* 67 Fed. Reg. 2477 (2002)), the Commissioner shall approve the agreement, and the fee specified in the agreement shall be the maximum fee for services at the administrative level absent a request to increase it.

On June 8, 2004, more than ten months after the Commissioner issued the Notice of Award, Mr. White filed a motion in the district court, which he later amended, seeking $11,045.58 in attorney's fees under § 406(b)(1)(A) for 17.8 hours of work performed at the judicial level.[2] Mr. White based his request on the 1998 Social Security Case Fee Agreement, in particular its provision that the attorney fee would be based on the greater of 25% of the past-due benefits or $175 per hour for time spent. He calculated the amount as 25% of Mr. Hill's past-due benefits, less deductions for the EAJA award, the § 406(a) award, and his own delay.[3] Mr. Hill objected to any further award of fees, claiming, among other things, that Mr. White had been ineffective in his representation and already

_____

[2] In relevant part, § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

[3] When an attorney obtains both an EAJA award and a § 406(b) award, the attorney is required to refund the smaller award to the client. *See Gisbrecht*, 535 U.S. at 796. The proper procedure is for the attorney to make the refund from the § 406(b) award, not to request a smaller § 406(b) award. *See McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Thus, Mr. White should have requested $13,767.18 in his § 406(b) motion, as the district court later recognized. Mr. White made the other deductions voluntarily.

had received the agreed-on fee, $5,300. The Commissioner, in a role resembling that of a trustee for Mr. Hill, *see Gisbrecht*, 535 U.S. at 798 n.6, opposed the motion on a number of grounds, including that the resulting hourly rate was excessive given the relative simplicity of the issues, the requested sum exceeded the $5,300 amount agreed to in the 2002 Attorney Fee Agreement, and Mr. Hill was dissatisfied with the representation and objected to any further award. To the extent the $5,300 cap did not apply, the Commissioner suggested that a reasonable § 406(b) award would be $6,230 based on an hourly rate of $350.

The district court denied the motion on the ground that the court lacked statutory authority under § 406(b) to award attorney's fees where the underlying court judgment remanded to the agency instead of awarding benefits. On appeal, another panel of this court reversed, *see Hill v. Barnhart*, 184 F. App'x 744 (10th Cir. 2006), based on the holding of our intervening opinion in *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006), that "§ 406(b)(1) allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits."

After our remand, the district court held a hearing on the § 406(b) motion. Mr. Hill testified that the four agreements he signed were confusing and that he thought the 2002 Attorney Fee Agreement meant he would pay Mr. White no more than a total of $5,300 for all work performed. He reiterated his objection to

any further fee award.  Mr. White also testified, asserting that separate agreements were necessary to recover fees for administrative and judicial work, and that the 2002 Attorney Fee Agreement concerned only fees for administrative work.  He admitted that having two separate agreements was confusing, but asserted that Mr. Hill understood the agreements at the time he signed them.  *See* Aplt. App. at 147, 151; *see also* Aplt. Reply Br. at 7 (characterizing his own testimony).

In a written decision, the district court denied the motion on three separate bases.  First, the district court found a conflict between the 1998 Social Security Case Fee Agreement and the 2002 Attorney Fee Agreement:  The 1998 agreement described the fees payable as *the greater* of 25% of the past-due benefits or $175 per hour, but the 2002 agreement described the fees payable as *the lesser* of 25% of the past-due benefits or $5,300 and was not limited to § 406(a) fees for services before the SSA.  Applying Oklahoma law and construing the ambiguity created by the two agreements against their drafter, Mr. White,[4] the court concluded that the 2002 Attorney Fee Agreement controlled—Mr. Hill had "agreed to pay an attorney fee of the lesser of 25% of his past-due benefits or

_____

[4]     The district court applied Okla. Stat. tit. 15, § 158  ("Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."); Okla. Stat. tit. 15, § 170 (as a rule of last resort, "the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist"); and *Dismuke v. Cseh*, 830 P.2d 188, 190 (Okla. 1992) (addressing when contractual ambiguity is construed against drafter).

$5,300 for counsel's services without any reference to whether those services were before the SSA or the court." Aplt. App. at 115. Thus, because Mr. White already had received $5,300 from Mr. Hill's past-due benefits, he was not entitled to any additional fee under § 406(b).

The district court also provided two alternate bases for denying the motion. The court reasoned that even if the 1998 Social Security Case Fee Agreement controlled, it was per se unreasonable to the extent it permitted an award greater than the § 406(b) cap of 25% of the past-due benefits. The court also found that the § 406(b) motion was untimely under Fed. R. Civ. P. 60(b)(6) principles. This appeal followed.

<u>Discussion</u>

We review the denial of § 406(b) attorney's fees for an abuse of discretion. *See McGraw*, 450 F.3d at 505. A court abuses its discretion if it makes a clearly erroneous factual finding, reaches an erroneous conclusion of law, or commits a clear error of judgment. *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1190 (10th Cir. 2007).

The touchstone of an award of attorney's fees under § 406(b) is whether the amount requested is reasonable, and the inquiry begins with the terms of the fee agreement. *See Gisbrecht*, 535 U.S. at 807 ("[Section] 406(b) calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."). With respect to the first basis

for the district court's ruling, Mr. White's overarching contention on appeal is that the $5,300 cap in the 2002 Attorney Fee Agreement pertained only to work performed before the agency and that the 1998 Social Security Case Fee Agreement applied to work at the judicial level. More specifically, he first points to paragraph two of the 2002 Attorney Fee Agreement, which states that SSA approval is necessary for a fee award for services rendered in proceedings before the agency. *See supra*. This provision, he contends, indicates that the $5,300 cap applied only to services rendered at the administrative level and compensable under § 406(a) because the SSA is involved only in approving fee requests for services rendered at the administrative level, not the judicial level. Drawing this inference, however, requires familiarity with the statutory scheme and the respective roles of the SSA and the district court in approving fee requests, and would require the further deduction that reference to SSA approval, in and of itself, necessarily precluded application of the agreement's $5,300 cap to § 406(b) requests requiring court approval. We believe this is too great an expectation of a layperson. Mr. White's protestation that Mr. Hill in fact had this understanding when he signed the agreements is unavailing; it does not overcome the uncertainty of the language Mr. White drafted. If Mr. White intended the 2002 Attorney Fee Agreement to apply only to § 406(a) requests, he could have included language making that clear.

Mr. White also argues that "simultaneously" with Mr. Hill's execution of the 2002 Attorney Fee Agreement, Mr. Hill "executed a Social Security Case Fee Agreement that specifically states that the 'Attorney Fee Agreement, as provided by 42 U.S.C. § 406, . . . will not apply . . . if a Request for Review is filed with the Appeals Council.'" Aplt. Br. at 27-28 (quoting the 1998 Social Security Case Fee Agreement) (typeface altered; ellipses in original). Mr. White's apparent conclusion is that because a Request for Review was filed, the 2002 Attorney Fee Agreement is inapplicable. There are two problems with this argument. First, the 2002 Social Security Case Fee Agreement is not part of the record, so we cannot be certain of its contents. Second, even assuming that Mr. Hill signed such an agreement and it contained language materially identical to that set forth in the 1998 Social Security Case Fee Agreement to which Mr. White refers us (or even simply construing the 1998 Social Security Fee Agreement together with the 2002 Attorney Fee Agreement), the meaning of "the Attorney Fee Agreement . . . will not apply" is unclear. Mr. White relied on the 2002 Attorney Fee Agreement in obtaining § 406(a) fees for his administrative representation, so it certainly was applicable in that context. And whether the Request for Review rendered the $5,300 cap in that agreement inapplicable to § 406(b) fees is entirely unclear.

We are not persuaded by any of Mr. White's other arguments pertaining to the first basis for the district court's decision, arguments that we find nearly as confusing in their presentation as the agreements he drafted. We briefly address

two of those. First, Mr. White argues that the district court ignored both his degree of success in this case, which he contends is the "most critical factor" in determining a reasonable attorney's fee, and one of the purposes of the statute, to enable attorneys to be paid a reasonable fee for legal services in Social Security cases. Aplt. Br. at 19 (quotation omitted). These contentions overlook that the district court construed the fee agreements against Mr. White, finding that fees payable from Mr. Hill's past-due benefits were capped at $5,300, a sum Mr. White already had received, and thus the agreements precluded any further award under § 406(b) despite the ultimate success in obtaining benefits. Second, the fact that Mr. Hill entered the fee agreements freely and voluntarily likewise lacks any persuasive value given their ambiguity.

## Conclusion

We conclude that the district court did not abuse its discretion in denying the motion for § 406(b) attorney's fees on the ground that the 1998 and 2002 agreements were ambiguous and should be construed against Mr. White. Accordingly, we need not reach the other bases for the district court's decision. The order of the district court denying the motion for § 406(b) attorney's fees is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-11-