**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HILARY M. LEO,

    Plaintiff,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

------------------------------------

VICTOR ROYBAL, JR.,

    Real-Party-In-Interest-Appellant.

No. 22-2011
(D.C. No. 1:18-CV-00977-LF)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.

_____

Attorney Victor Roybal, as real party in interest, appeals the district court's

denial of his motion for attorney fees during his representation of Hilary Leo in

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceedings with the Social Security Administration.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Roybal represented Ms. Leo in connection with her application for child

disability benefits and disability insurance benefits.  Her adoptive mother first filed

an application for both types of benefits on her behalf in 2014.  The agency initially

denied the application and sustained the denial at all levels of review.  Ms. Leo filed

an action in district court seeking review of the agency determination under

42 U.S.C. §§ 405(g) and 1383(c)(3).[1]  The district court reversed and remanded for

further administrative proceedings, and, on remand, the agency concluded Ms. Leo

was entitled to benefits.  It awarded Ms. Leo $77,937.40, from which it withheld

$19,484.35 for the potential payment of attorney fees.  From that amount, the agency

directly awarded Mr. Roybal $6,000.00 for work he performed at the administrative

level.

Mr. Roybal thereafter moved in district court for an award of attorney fees

under 42 U.S.C. § 406(b), asserting he was entitled to the remaining $13,484.35 the

agency withheld as compensation for his work before the district court.  He attached

to his motion a fee agreement Ms. Leo had signed in 2016.  In his memorandum in

support of his motion for attorney fees, he asserted this fee agreement, which was

---

[1] Both parties consented, pursuant to Fed. R. Civ. P. 73, to a magistrate judge's exercise of jurisdiction over the judicial proceedings.  *See* Aplt. App. at 13.

subject to judicial review for reasonableness, was the primary basis for his recovery. *See* Aplt. App. at 165; *id.* at 179 ("Mr. Roybal acknowledges that the Court should approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." (internal quotation marks omitted)).

The section of the fee agreement addressing attorney compensation stated:

> In consideration of the services to be performed by attorney and it being the desire of the claimant to compensate attorney, claimant agrees to pay attorney a fee equal to 25 percent of the past-due benefits or the dollar amount established pursuant to 42 U.S.C. § 406(a)(2)(A) or 42 U.S.C. § 406 (b) payable to me and my beneficiaries resulting from my claim [s] or $6,000.00.

*Id.* at 152. The agreement also stated it "applies to appeals through the administrative hearing before an administrative law judge," and that "[i]f further appeals are necessary, attorney fees will be renegotiated." *Id.* Noting apparent ambiguity in these clauses, the court ordered Mr. Roybal to "submit supplemental briefing . . . explaining how the fee agreement entitles him to an award[] of $13,484.35, for legal services rendered before [the district court]." *Id.* at 181.

In his supplemental briefing, Mr. Roybal characterized his agreement with Ms. Leo as a contingency agreement entitling him to 25% of the back benefits recovered. He attached an affidavit from Ms. Leo in which she stated: "I have reviewed Mr. Roybal's request for attorney's fees, and I am in agreement that he should be paid the full amount of 25% as I agreed and which has been withheld." *Id.* at 188. He also cited an earlier social security case in which a different magistrate

awarded attorney fees to him under substantially the same fee agreement with a different claimant. The district court denied the motion for attorney fees, concluding:

- the agreement expressly contemplated renegotiation of attorney fees if further appeals were necessary beyond the administrative stage, but Mr. Roybal presented no renegotiated agreement in connection with his motion;

- the agreement was not clearly a contingency agreement because it "appear[ed] to give Ms. Leo a choice between 25 percent of past-due benefits, [fees pursuant to statute], or $6,000.00," *id.* at 196; and

- Ms. Leo's "affidavit [did] not change what is written in the fee agreement," *id.*

This appeal followed.

## DISCUSSION

We review the denial of attorney fees under 42 U.S.C. § 406(b) for abuse of discretion. *See Hubbard v. Shalala*, 12 F.3d 946, 947 (10th Cir. 1993), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789, 799 (2002). An abuse of discretion "occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (internal quotation marks omitted). In reviewing for abuse of discretion, "[o]ur appellate role is limited to ensuring that the district court's discretionary decision did not fall beyond the bounds of the rationally available

choices before the district court given the facts and the applicable law in the case at hand." *Id.* (internal quotation marks and brackets omitted).

Section 406(b) of the Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). "The tenor of § 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Courts act appropriately when they "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht*, 535 U.S. at 808.

The district court did just that. It looked first to the agreement between Mr. Roybal and Ms. Leo. The court concluded it did not unambiguously entitle Mr. Roybal to any more fees than he had received. The agreement stated Ms. Leo agreed to pay "*a fee* equal to 25 percent of past-due benefits, *or* the dollar amount established [by statute] *or* $6,000.00" Aplt. App. at 152 (emphasis added). Ms. Leo paid Mr. Roybal a fee equal to $6,000.00, thus fulfilling her obligations under the agreement. The agreement also stated the parties would renegotiate the fee owed if work was necessary past the administrative level. But because Mr. Roybal did not

submit any renegotiated agreement to the district court entitling him to more attorney fees, there was nothing for it to test for reasonableness.

Mr. Roybal argues the district court "based its ruling on erroneous facts," because it misinterpreted the fee agreement. Aplt. Opening Br. at 11. He disputes the conclusion that the agreement addressed only representation at the agency level by pointing to language in the agreement stating Ms. Leo "empowers attorney to take such action as may be advisable in the judgment of attorney, including the taking of judicial review." Aplt. App. at 152. But he does not address the portion of the agreement stating "attorney fees will be renegotiated" if further appeals are necessary beyond a hearing before an administrative law judge. *Id.* And he discusses the portion of the fee agreement setting compensation by simply omitting the "or $6,000.00" language from his quotation. *Compare* Aplt. Opening Br. at 11–12 *and* Reply Br. at 4–5 *with* Aplt. App. at 152.

At best, Mr. Roybal's arguments establish there may be ambiguities in the fee agreement, that, if construed in his favor, would entitle him to a higher fee than the $6,000 he already received. But Mr. Roybal drafted the agreement himself, so the district court reasonably construed any such ambiguities against him. *See Castillo v. Arrieta*, 368 P.3d 1249, 1253 (N.M. Ct. App. 2016); *Hill v. Astrue*, 248 F. App'x 923, 928–29 (10th Cir. 2007) (construing ambiguity in fee agreement between

6

social security attorney and client against attorney and thereby capping fees pursuant to language in that agreement).[2]

Mr. Roybal also argues the district court should have placed greater weight on Ms. Leo's affidavit in which she expressed agreement with his being paid a higher fee. But as the district court noted, "[t]he affidavit does not change what is written in the fee agreement." Aplt. App. at 196. He also refers to a prior case in the same division in which a different magistrate judge recommended granting a motion for attorney fees under § 406(b) based on the same fee agreement for a different client: *Key v. Saul*, No. 17-cv-386-KWR-GBW (D.N.M. Dec. 4, 2020), ECF No. 42 (Proposed Findings and Recommended Disposition). But that decision is non-precedential, *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (internal quotation marks omitted)), and Mr. Roybal points to no persuasive analysis in it supporting his interpretation of the fee agreement.

Mr. Roybal further argues the district court "erred as a matter of law [in concluding] that it had the sound discretion to determine attorney fees because § 406(b) was permissive rather than mandatory." Aplt. Opening Br. at 13. He faults the district court for its reliance on *Whitehead*, a Sixth Circuit case the Commissioner later incorporated into SSR 72-31c, which it subsequently rescinded in 2018. But the

---

[2] Although unpublished, we cite *Hill* for its persuasive value. *See* 10th Cir. R. 32.1(A).

7

basis for the recission of SSR 72-31c was not a repudiation of the holding in *Whitehead*. To the contrary, the Commissioner "rescind[ed] th[is] SSR[] . . . because the information provided therein either reflects well-established legal principles and is already reflected clearly in the Social Security Act or regulations, or has since been clarified in our regulations and subregulatory guidance." *Recission of SSRs*, 83 Fed. Reg. 46,771-01 (Sept. 14, 2018), *available at* 2018 WL 4359182.

More fundamentally, regardless of the case's status as precedent, Mr. Roybal does not address the key statutory insight in *Whitehead*: § 406(b) is permissive because it states the district court "may" award attorney fees. *See* 446 F.2d at 128. This usage pointedly contrasts with § 406(a), which governs attorney fee awards for work at the agency level and uses the mandatory term "shall." *See id.*

Mr. Roybal lastly argues that, even if his agreement with Ms. Leo did not by its terms entitle him to additional attorney fees, the agreement "could [have been] reformed when justice requires it." Aplt. Opening Br. at 16. But Mr. Roybal did not request contract reformation before the district court,[3] so we will not consider this request on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the

---

[3] Mr. Roybal's one-sentence passing citation to *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) before the district court, *see* Aplt. App. at 184–85, did not amount to a request for contract reformation, nor does it preserve the issue before this court. *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 741 (10th Cir. 2015) ("[V]ague, arguable references to a point in the district court proceedings do not preserve the issue on appeal." (internal quotation marks and citation omitted)). And although *Thomas* discusses circumstances in which a court may equitably reform a fee agreement to *reduce* the amount owed to an attorney, Mr. Roybal cites no authority supporting the reformation of such agreements to *increase* the fees taken out of a social security claimant's benefits award.

general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

## CONCLUSION

Mr. Roybal has not demonstrated the district court misapplied the law, relied on clearly erroneous factual findings, or otherwise exceeded the bounds of rationally available choices when it denied his request for attorney fees under 42 U.S.C. § 406(b). We affirm the judgment of the district court.

Entered for the Court


Joel M. Carson III
Circuit Judge