**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERRY PARRISH,<br>*Plaintiff-Appellant*, | No. 11-35332 |
| v. | D.C. No.<br>3:08-cv-00969-HU |
| COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>*Defendant-Appellee.* | OPINION |

Appeal from the United States District Court
for the District of Oregon
Dennis James Hubel, Magistrate Judge, Presiding

Submitted May 8, 2012[*]
Portland, Oregon

Filed November 5, 2012

Before: A. Wallace Tashima, Richard C. Tallman, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Social Security / Attorneys' Fees**

The panel affirmed the district court's order reducing the amount of attorneys' fees for representing a claimant in a Social Security benefits claim. First, the panel concluded that a fee award under § 406(b)(1) of the Social Security Act compensates an attorney for all the attorney's work before a federal court on behalf of a claimant in connection with an action that results in past-due benefits. The panel then held that if a district court awards attorneys' fees under § 2412(d) of the Equal Access to Justice Act ("EAJA") for the representation of a Social Security claimant in an action for past-due benefits, and also awards attorneys' fees under § 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney "receives fees for the same work" under both § 2412(d) and § 406(b)(1) for purposes of the EAJA savings provision. When applicable, the savings provision requires a claimant's attorney to refund the smaller fee award to the claimant. In this case, a single attorney received two EAJA awards for his representation of the claimant: one for securing a remand order during the claimant's first appeal to federal court, and the other for securing an order of past-due benefits during the claimant's second appeal to federal court. He also moved for an award of attorneys' fees under § 406(b)(1) for securing past-due benefits. Because both EAJA awards were for the "same work" as the attorney's claimed § 406(b)(1) award, and the combined amount of the EAJA awards exceeded his

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

potential fees under § 406(b)(1), the district court properly held that the savings provision prevented the attorney from recovering any fees beyond the two EAJA awards.

---

**COUNSEL**

Tim Wilborn, Wilborn Law Office, P.C., Oregon City, OR, for plaintiff-appellant Sherry Parrish.

Dwight C. Holton, United States Attorney; Kelly A. Zusman, Assistant United States Attorney; David Morado, Regional Chief Counsel, Seattle Region X; L. Jamala Edwards, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel; for defendant-appellee Michael J. Astrue, Commissioner of Social Security.

---

**OPINION**

IKUTA, Circuit Judge:

Tim Wilborn appeals the reduction of attorneys' fees he earned while representing Sherry Parrish in a Social Security benefits claim.[1] Because the Social Security Act (SSA) and the Equal Access to Justice Act (EAJA) both allow attorneys to receive fees for successful Social Security representations, Congress enacted a savings provision to prevent attorneys

---

[1] Although Parrish is the named appellant, the real party in interest here is Wilborn, who seeks to obtain a further payment of attorneys' fees. Similarly, the Commissioner of Social Security, the named appellee, has no direct financial interest in the outcome of this case, but instead serves as a de facto trustee for Parrish. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

from receiving fees twice for the "same work" on behalf of a claimant. Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes).[2] This case requires us to determine whether Wilborn "receive[d] fees for the same work" under the EAJA and SSA for the two appeals he undertook for Parrish.

I

We begin with the relevant statutory background. In 1965, Congress added an attorneys' fee provision to the SSA, 42 U.S.C. § 406(b), in order "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (quoting Department of Health and Human Services, Social Security Administration, Office of Hearings and Appeals, Report to Congress: Attorney Fees Under Title II of the Social Security Act 15, 66, 70 (July 1988) ("SSA Report") (alteration in original). The statute provided separate procedures for compensating representatives during the administrative and judicial review stages of a Social

---

[2] The savings provision provides, in relevant part:

Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act [§ 406(b)(2)] shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

Security claim.  *See* § 406(a) (permitting fee awards for representatives in administrative proceedings); § 406(b) (permitting fee awards for representatives in court); *see also Gisbrecht*, 535 U.S. at 794.

For judicial proceedings, § 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."[3]  Any such award is paid directly out of the claimant's benefits.  § 406(b)(1)(A).  Further, § 406(b) precludes an attorney from recovering (or even requesting) any additional fees. Under § 406(b)(2), "[a]ny attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which [§ 406(b)(1)] is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a

---

[3] 42 U.S.C. § 406(b)(1)(A) states in full:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

misdemeanor."[4] According to the Commissioner, this section prohibits a lawyer from charging fees unless the claimant has been awarded past-due benefits. *Gisbrecht*, 535 U.S. at 795. Section 406(b) is the "exclusive regime" by which an attorney may obtain fees directly from a Social Security claimant. *See id.* at 795–96.

But another avenue for recovering attorneys' fees in Social Security cases opened in 1980, when Congress passed the EAJA, 28 U.S.C. § 2412, "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions" in a broad range of circumstances. *Comm'r, INS v. Jean,* 496 U.S. 154, 163 (1990). As relevant here, the EAJA requires the government to pay the fees and expenses of a "prevailing party" unless the government's position was "substantially justified." § 2412(d)(1)(A).[5]

---

[4] 42 U.S.C. § 406(b)(2) states in full:

Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be

subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

[5] 28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States

Unlike § 406(b) awards, EAJA fee awards "are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,'" subject to a specified cap, and are paid by the government, not the claimant. *Gisbrecht*, 535 U.S. at 796 (quoting § 2412(d)(1)–(2)). If a claimant qualifies as a "prevailing party" at any intermediate stage in a Social Security case, a court may deem the claimant to be a prevailing party for purposes of § 2412(d). *See Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

Because attorneys who accepted an award under § 2412(d) in excess of the § 406(b)(1) cap could be subject to criminal sanctions under § 406(b)(2), Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and § 2412. However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the "same work." *See Gisbrecht*, 535 U.S. at 796. That provision states: "where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b)] and [28 U.S.C. § 2412], the claimant's attorney [must refund] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985) (uncodified).

---

in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

II

An administrative law judge ("ALJ") rejected Parrish's first application for disability benefits, concluding that Parrish could perform jobs that exist in significant numbers in the national economy and therefore was not disabled. The Appeals Council denied Parrish's request for further review.

Wilborn represented Parrish in her appeal to the district court. After the completion of briefing in the district court, the parties agreed that the case should be remanded to the agency to re-evaluate the existing medical evidence and obtain supplemental evidence from a vocational expert. In light of this agreement, the district court entered judgment remanding the case for a rehearing. Also by agreement of the parties, the district court awarded Parrish $5,000 in attorneys' fees pursuant to the EAJA.

A different attorney represented Parrish before the ALJ on remand. After a hearing, the ALJ again determined that Parrish was capable of performing jobs that existed in significant numbers in the national economy and was therefore not disabled and not entitled to disability benefits.

Wilborn again represented Parrish on her appeal of this second unfavorable agency decision to the district court. The district court determined the ALJ erred by finding some of the medical evidence not credible, and held that Parrish was entitled to disability benefits. The district court again entered judgment, remanding the case to the agency with instructions to calculate and award past-due benefits. Parrish then filed an unopposed motion for a second EAJA fee award for Wilborn's work on the second appeal. The court awarded

Parrish an additional $6,575, bringing the total award to $11,575 in EAJA fees.

After the second remand and award of past-due benefits, Wilborn filed an unopposed motion with the district court seeking $9,059.89 in attorneys' fees, equating to the statutory maximum of 25 percent of the past-due benefit award under § 406(b)(1)(A). Wilborn conceded that the savings provision required the court to deduct the second EAJA award of $6,575 from his § 406(b) fees and thus sought payment of only $2,484.89.

But the district court went further in reducing attorneys' fees by adopting the rule stated in *Kopulos v. Barnhart* that "all EAJA awards granted for work performed on a claim must off-set the SSA fees awarded for work performed on the same claim." 318 F. Supp. 2d 657, 667–68 (N.D. Ill. 2004). The court held that the savings provision required it to deduct the first EAJA award of $5,000, as well as the second award of $6,575, from the § 406(b) fees. Because the EAJA award of $11,575 was greater than the § 406(b) award of $9,059.89, the court declined to make any further award to Wilborn.

III

On appeal, Wilborn contends that the district court erred in deducting the first $5,000 EAJA award from the § 406(b) award of $9,059.89 because he did not receive those awards for the "same work." We review fee awards under § 406(b) for abuse of discretion, *Clark v. Astrue*, 529 F.3d 1211, 1213 (9th Cir. 2008) (en banc), and review questions of law de novo. *Id.* at 1214.

As noted above, the EAJA savings provision requires an attorney who receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for the "same work" to refund to the Social Security claimant the smaller award. Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes). We must therefore determine whether the $5,000 EAJA award to Wilborn for his representation of Parrish during her first appeal is for the "same work" as that which earned Wilborn $9,059.89 from Parrish's past-due benefits under § 406(b).

We have no difficulty in identifying the work for which an attorney may receive fees under the EAJA. The award covers the time an attorney spent representing a claimant in federal court, so long as the claimant is the "prevailing party" at that stage of the proceedings and the court finds that the government's position was not "substantially justified." § 2412(d); *see also Corbin*, 149 F.3d at 1053.

By comparison, identifying the work for which an attorney may receive fees under § 406(b) requires deeper analysis. A § 406(b) award is akin to a contingency fee: an attorney gets nothing unless a court renders a "favorable judgment" and a claimant is awarded past-due benefits "by reason of" that judgment. Those criteria must be met before a court may award attorneys' fees of up to 25 percent of the past-due benefits. § 406(b)(1)(A). Because § 406(b) provides for a contingency-type reimbursement rather than an hourly fee, the statute does not clearly identify the "work" for which an attorney is receiving the § 406(b) award.

Wilborn argues that an attorney may receive fees under § 406(b) only for work on the final appeal in a Social Security

case. He reasons as follows: each Social Security appeal to a federal court results in a separate judgment, and each remand to the agency terminates the prior civil case. Under § 406(b), a court can award attorneys' fees only for a representation by an attorney that resulted in "a judgment favorable to a claimant" if past-due benefits were awarded to the claimant "by reason of such judgment." Therefore, Wilborn asserts, a court can award attorneys' fees only for representation during proceedings resulting in a judgment that directly led to past-due benefits, and only the final appeal meets this criterion. This reading of the statute, Wilborn argues, is confirmed by § 406(b)'s reference to "judgment" as a singular noun, which indicates that a court cannot award attorneys' fees for multiple judgments, and therefore cannot make an award for any representation in a prior appeal that resulted in a judgment that did not lead directly to past-due benefits.

We disagree. Wilborn mistakes a *condition precedent* to a fee award (that the court render a favorable judgment to the claimant) for a *limitation* on the sort of work that is compensable (that is, Wilborn claims only the representation by an attorney in connection with that final favorable judgment is compensable). But the statutory language imposes only one limitation on the sort of work that is compensable: it must be representation of the claimant *before the federal court*. *See* § 406(b)(1)(A) (where a claimant "was represented *before the court* by an attorney" the attorney may receive "a reasonable fee for such representation" provided the conditions precedent are met. (emphasis added)). Under the statute's plain language, a federal court may consider an attorney's representation of the client throughout the case in determining whether a fee award is reasonable.

Furthermore, Wilborn's limiting construction of § 406(b) is inconsistent with the overall statutory scheme. If § 406(b)(1) applied only to the final appeal that is successful on remand, an attorney could charge a client for work on an earlier appeal without facing criminal penalties, because § 406(b)(2) applies only to those proceedings for which the attorney can obtain a fee award under § 406(b)(1). As a result, a claimant could end up paying more than 25 percent of past-due benefits in federal court attorneys' fees, a result that would thwart the obvious and repeatedly expressed intent of Congress to prevent attorneys "[c]ollecting or even demanding from the client anything more than the authorized allocation [25 percent] of past-due benefits," *Gisbrecht*, 535 U.S. at 795.

Thus, an award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits. This interpretation is the most natural reading of the statutory language, and most congruent with the nature of the fee award itself. If § 406(b) is the "exclusive regime for obtaining fees" from a Social Security claimant, *Gisbrecht*, 535 U.S. at 795, then the § 406(b) award must compensate the claimant's attorney for all the work that led to the favorable result. This would include work on a prior appeal that did not result in the award of past-due benefits, because an attorney who secures a remand for a claimant plays an important role in achieving the ultimate award, regardless whether a different attorney represented the claimant during subsequent remands. *Cf. Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (a remand constitutes "succe[ss] on [a] significant issue in litigation" and "achieve[s] some of the benefit . . . sought in bringing suit.") (quoting *Tx. St. Teachers*

*Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 791–92 (1989)) (internal quotation marks omitted) (ellipsis in original); *see also* Harvey L. McCormick, 2 SOCIAL SECURITY CLAIMS AND PROCEDURES § 16:22 (6th ed.). Accordingly, our interpretation is most consistent with Congress's goal of ensuring that "attorneys representing successful claimants" do "not risk 'nonpayment of [appropriate] fees.'" *See Gisbrecht*, 535 U.S. at 805 (quoting SSA Report 66) (internal quotation marks omitted). Finally, our interpretation is in line with the interpretations of our sister circuits, which have read § 406(b) broadly to include all "substantial work done before the court" even when the attorney's work results only in a remand to the agency, *McGraw v. Barnhart*, 450 F.3d 493, 502 (10th Cir. 2006) (quoting *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967)), so long as the "claimant eventually [is] awarded past-due benefits, whether at the agency level or during further judicial proceedings." *McGraw*, 450 F.3d at 503; *see also Fenix v. Finch*, 436 F.2d 831, 835 (8th Cir. 1971).

We therefore hold that if a court awards attorney fees under § 2412(d) for the representation of a Social Security claimant on an action for past-due benefits, and also awards attorney fees under § 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney "receives fees for the same work" under both § 2412(d) and § 406(b)(1) for purposes of the EAJA savings provision. The district court is well positioned to implement § 406(b)'s requirements. Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award. But even in circumstances where a claimant has more than one attorney at different appeals, district courts would

have ample discretion to apportion fees equitably under § 406(b)(1), and apply the offset as appropriate to those attorneys who received both § 406(b)(1) and EAJA awards.

IV

We now apply these principles here. Wilborn represented Parrish in all proceedings before the district court in connection with her claim, and the district court awarded Wilborn 25 percent of Parrish's past-due benefits award as a reasonable fee for that representation. Wilborn received the $5,000 award under § 2412(d)(2) for his representation of Parrish on her first appeal. Accordingly, the $5,000 award under EAJA was for the "same work" as the work for which Wilborn received the § 406(b)(1) award, and therefore the district court correctly offset the $5,000 from the 25 percent award.

**AFFIRMED.**