**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERALD FRANZ,

               Plaintiff-Appellant,

   v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

               Defendant-Appellee.

No.   15-35798

D.C. No. 3:14-cv-00065-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted January 5, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Gerald Franz appeals the district court's order awarding him attorney's fees

under 42 U.S.C. § 406(b) after he prevailed in a second appeal from the

Commissioner of Social Security's denial of his application for disability insurance

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits under Title II of the Social Security Act. Franz contends that the district court erred in offsetting from his § 406(b) award the full amount of attorney's fees that he previously had been awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because 2.1 hours worth of the EAJA fees were spent applying for fees rather than working on the merits of the case. We have jurisdiction under 28 U.S.C. § 1291. We review fee awards under § 406(b) for an abuse of discretion, and questions of law de novo. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012). We affirm.

The district court properly offset from the § 406(b) award the full amount of EAJA fees, including time spent applying for fees. The EAJA "savings provision" provides that counsel must refund to the claimant the amount of the smaller fee when a court approves both an EAJA fee and a § 406(b) fee for the "same work," but makes no distinction with regard to fees based on merits versus fees litigation. *See* Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985). "[T]he EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990); *see also Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (fees "should be considered part and parcel of the action for which fees should be awarded"). Because representing the same Social Security claimant in connection with the same claim for past-due benefits constitutes the "same work"

2

for purposes of the EAJA savings provision, the district court properly offset the full amount of EAJA fees.  *See Parrish*, 698 F.3d at 1221.

**AFFIRMED.**