**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARIE MARTINEZ,

     Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

     Defendant - Appellee.

No. 16-1402
(D.C. No. 1:13-CV-00469-RM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

_____

The Rocky Mountain Disability Law Group (the law firm), as the real party in interest, appeals from the district court's order to refund $4,750 in fees under the Equal Access to Justice Act (EAJA) to its client, Marie Martinez. We reverse and remand for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

In 2009, Ms. Martinez signed a contingent-fee agreement for the law firm to represent her in proceedings to obtain Social Security disability benefits. Under the agreement, Ms. Martinez agreed that the firm was entitled to a fee for work at the administrative level equal to the lesser of 25% of any past-due benefits she was awarded or $6,000, whichever was less. If the claim progressed beyond the administrative level, Ms. Martinez agreed that the law firm could recover a fee of up to 25% of the past-due benefits for an attorney's work in court proceedings.

Ms. Martinez was denied benefits at the administrative level. Thereafter, the law firm successfully challenged the denial of benefits in the United States District Court for the District of Colorado, and obtained a remand. As a result of its successful efforts in the federal district court, the firm received $4,750 in EAJA fees, which are not at issue.[1] Ultimately, the Commissioner awarded Ms. Martinez $62,192 in past-due benefits, and withheld $15,548, or 25% of the past-due benefits, as potential fees.

Under 42 U.S.C. § 406(a), the law firm was approved to receive $6,000 of the $15,548 withheld by the Commissioner.[2] The firm then filed a motion for attorney fees

---

[1] EAJA permits an award of attorney fees, under certain circumstances, to individuals who prevail in federal court proceedings involving the review of agency action. 28 U.S.C. § 2412(d)(1)(A). EAJA attorney fees are capped at a maximum rate of $125 per hour. *Id*. § 2412(d)(2)(A).

[2] Fees for an individual acting for the claimant at the administrative level are capped at a maximum of 25% of an award of past-due benefits or $6,000, whichever is less. 42 U.S.C. § 406(a)(2)(A).

2

under § 406(b).[3]  In its motion, the firm requested $4,798 in fees for twenty hours of attorney time in court proceedings.  The firm could have requested $9,548 in attorney fees (25% of the past-due benefits, or $15,548 minus the $6,000 previously awarded for work at the administrative level), and refunded $4,750 in EAJA fees to Ms. Martinez.  But the firm hoped to avoid the bookkeeping task of writing a check to Ms. Martinez for $4,750, and therefore requested only $4,798.  Although we disfavor this method of handling "refunds" of EAJA fees to a claimant, we have not categorically ruled it out as improper.  For example, in *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006), we stated that although "it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner," when it comes time for an attorney who has received fee awards under both EAJA and § 406(b) to refund the smaller amount to his client, he can "fulfill [this obligation] by deducting the amount of his EAJA fee from his [§ 406(b)] fee request, so that the Commissioner would simply make a larger refund to [the client]."[4]

But the law firm failed to adequately explain to the district court that it wanted the Commissioner to make the EAJA fee "refund" to Ms. Martinez, which motivated its request for only $4,798 in § 406(b) fees instead of $9,548.  Understandably then, in an order dated June 15, 2016, the court granted the request for $4,798 in fees under § 406(b), but ordered the firm to refund $4,750 in EAJA fees to Ms. Martinez.  *See Gisbrecht v.*

---

[3] A lawyer for the claimant can recover a maximum fee of 25% of an award of past-due benefits for his or her court work.  42 U.S.C. § 406(b)(1)(A).

[4] The Commissioner does not object to the method by which the law firm attempted to meet its obligation to "refund" the EAJA fees to Ms. Martinez.

3

*Barnhart*, 535 U.S. 789, 796 (2002) (holding that although fee awards can be made under both EAJA and § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee") (brackets and internal quotation marks omitted)).

Twenty-one days later, on July 5, 2016, the law firm filed an "Amended Motion for Approval of Attorneys' Fees and Request for Reconsideration of Judge's Order to Refund EAJA Fees." Aplt. App. at 24. The firm asked the district court to "take administrative notice that [the firm] already reduced its request for fees under 406(b) for the amount it [has] already been paid under EAJA," and issue a new order reflective of that. *Id.* at 25.

In a July 20, 2016, order, the court denied the motion on the grounds that a $15,548 award for twenty hours of attorney time at the court level would "yield an hourly rate . . . of nearly $500/hour, [which] far exceeds the $189.59/hour Lodestar amount,"[5] and result in a windfall prohibited by *Gisbrecht*, 535 U.S. at 808. *Id.* at 29. While a $500 an hour fee might be unreasonable, this was not a proper calculation of the hourly rate reflected in the law firm's request because the court used an incorrect figure—$15,548— as the starting point for its calculation when it should have used $9,548 as the starting point ($15,548 minus $6,000 for the § 406(a) fees).

On July 22, 2016, two days after the district court's second order, the law firm filed its "Second Request for Reconsideratio[n] of Judge's Order to Refund EAJA Fees."

---

[5] In *Gisbrecht*, the Supreme Court rejected the approach of setting attorney's fees under § 406(b) simply by conducting a "lodestar calculation (hours reasonably on the case times reasonable hourly rate)," without considering the "the primacy of lawful attorney-client fee agreements." 535 U.S. at 792-93.

Aplt. App. at 31. According to the firm, the court's analysis of the hourly rate was based on incomplete information, including a correction to reflect that the firm spent 26.9 hours of attorney time at the court level. On October 5, 2016, the court denied the motion on the same grounds as the first order—that when fees are awarded under both § 406(b) and EAJA, the lesser award must be refunded to Ms. Martinez. Significantly, the court omitted any analysis of the reasonableness of the $9,548 in fees sought by the firm. The firm filed its notice of appeal the same day—October 5.

### *Jurisdiction to Review the July 22 and October 5 Orders*

Although the Commissioner takes no position on the merits, she argues that this court's jurisdiction is limited to a review of the October 5, 2016, order only. We disagree.

Under Fed. R. App. P. 4(a)(1)(B)(ii), a notice of appeal must be filed within 60 days of the entry of judgment if a United States agency is a party. However, because the law firm filed a motion to reconsider on July 5, 2016, within 28 days following the June 15, 2016 order, the time to appeal did not start to run until the court denied that motion to reconsider on July 20, 2016. Fed. R. App. P. 4(a)(4)(A) ("[T]he time to file an appeal runs for all parties from the entry of the order disposing of the . . . motion."). The firm therefore had until September 18, 2016,[6] to file its notice of appeal. But unlike the first motion to reconsider, the firm's second motion to reconsider did not affect the

---

[6] September 18, 2016, was a Sunday. Therefore, the notice of appeal was due the next day, Monday, September 19. *See* Fed. R. App. P. 26(a)(1)(C) ("When the period is stated in days . . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

5

deadline to file a notice of appeal from the June 15 order, because successive post-judgment motions do not toll the time for appealing an underlying judgment. *See Ysais* v. *Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010) (explaining that a successive post-judgment motion "did *not* extend the time for filing a notice of appeal from the underlying amended final judgment"). Because the firm did not file its notice of appeal until October 5, 2016—nearly three weeks past the September 18 deadline—its appeal is untimely as to the June 15 order.

Although the firm's October 5, 2016, notice of appeal is untimely as to the June 15, 2016 order, it is timely as to the district court's denial of its first and second motions to reconsider. The court denied the first motion on July 20, 2016, but the filing of the second motion on July 22, 2016, tolled the firm's time to appeal that denial. *See id.* at 1178 (A "second motion for reconsideration tolled Ysais's time to appeal . . . from the denial of the first motion for reconsideration"). The second motion was denied on October 5, which gave the firm until December 4, 2016,[7] to appeal the denial of that motion and the second motion.

### *Analysis*

Because the law firm filed its motion within 28-days from the district court's underlying order, we consider it as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See id.* at 1178 n.2. In turn, we review the court's denial of the motion for an abuse of discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.

---

[7] Again, because December 4, 2016 was a Sunday, the notice of appeal was not due until the next day, Monday, December 5. *See* Fed. R. App. P. 26(a)(1)(C).

1997).  "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id*. at 1324.  "The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (internal quotation marks omitted).

"Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

A permissible starting point for determining a reasonable fee is a contingent-fee agreement, such as the one between the law firm and Ms. Martinez, which entitles the firm to a maximum of 25% of the past-due benefits as attorney fees for court work. *See Gisbrecht*, 535 U.S. at 807.  But a contingent-fee agreement is not controlling; instead § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*.  *See also McGraw*, 450 F.3d at 498 (same).

In making a reasonableness determination, the district court should consider such factors as:  (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case.  *See Gisbrecht*, 535 U.S. at 808.  And

7

although the court can consider a "lodestar calculation" in making its determination, it cannot do so without considering the "the primacy of lawful attorney-client fee agreements." *Id*. at 792-93.

Our review of the district court's orders is complicated by the fact that the court did not review the orders under Rule 59(e), but announced different grounds for the denial of the two orders under review. In its first motion for reconsideration, the firm explained that the court failed to consider that it had already deducted the EAJA fees from its § 406(b) fee request. In its order, the court seemed to acknowledge this oversight and proceeded to examine the request for reasonableness. But as we explained above, the court used incorrect figures in its determination that the effective hourly rate was nearly $500 an hour. And in its second order, the court failed to review the correct effective hourly rate for reasonableness, which is what the law requires. *See Gisbrecht*, 535 U.S. at 807-08.

### *Conclusion*

The district court abused its discretion when it denied the firm's motions for reconsideration without conducting a proper reasonableness determination. Therefore, the case is remanded for further proceedings consistent with this order and judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

8